■ In the Matter of LEIGH II., Alleged to be a Permanently Neglected Child. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PEGGY JJ., Appellant. (And Another Related Proceeding.)—Mahoney, P. J. Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered July 22, 1986, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate Leigh II. a permanently neglected, severely abused and

repeatedly abused child, and terminated respondent's parental rights.

On April 21, 1981, Leigh II., then less than one year old, was treated at a hospital for serious injuries, including various old and new bone fractures. She sustained permanent damage to her right leg. Upon release from the hospital, the child was placed in foster care, where she has remained since. On January 5, 1982, respondent admitted to allegations of child abuse in criminal court and Family Court, and by order dated February 8, 1982 the child was placed with petitioner. From 1981 through 1984 respondent took part in counseling and visitation, which halted when respondent was found to have again abused the child. In December 1985 the instant petitions alleging permanent neglect, severe abuse and repeated abuse were filed. Family Court sustained the petitions and committed the guardianship and custody of the child to petitioner. Respondent appeals.

The sole contention on this appeal is that petitioner failed to make diligent efforts to strengthen the parental relationship (see, Social Services Law § 384-b [7] [a]; [8] [a]). The record demonstrates sufficient efforts by petitioner to help respondent. Counseling sessions and psychological evaluations were held and supervised visitation was allowed. The record documents all of the contacts petitioner had with respondent. Perhaps most importantly, respondent was found to have abused the child again in 1985. In our view, there is clear and convincing evidence that petitioner made diligent efforts to strengthen the parental relationship.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.